IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | |
| FERNANDO PEÑA | : | NO. 03-487-09 |

**MEMORANDUM**

**Padova, J.**                                                        **January 23, 2012**

Defendant Fernando Peña has filed a pro se "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," seeking to reduce his sentence on account of the most recent crack cocaine amendments to the United States Sentencing Guidelines. For the following reasons, we deny the Motion.

On February 14, 2004, a jury convicted Peña of one count of conspiracy to distribute in excess of 50 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 846. We sentenced Peña on March 14, 2005. Under the then-applicable United States Sentencing Guidelines, the quantity of cocaine base involved in the offense, i.e., more than 1.5 kg, resulted in a base offense level of 38. U.S.S.G. § 2D1.1(c)(1) (2003). Peña's base offense level was adjusted upward by two levels for his role as a manager, and by an additional two levels for possession of a firearm in the commission of the offense. U.S.S.G. §§ 3B1.1(c), 2D1.1(b)(1). As a result, Peña's total offense level was 42. With a criminal history category of VI, Peña's Guideline range was therefore 360 months to life. U.S.S.G. Ch. 5, Pt. A. Upon consideration of the § 3553 factors, we varied downward from the Guideline range and imposed a sentence of 260 months' imprisonment.

In 2008, Peña filed his first motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). That first sentence reduction motion was based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels applicable to crack cocaine offenses. We denied

that motion for reduction of sentence in a May 11, 2009 Memorandum Opinion. United States v. Peña, Crim. A. No. 03-487-09, 2009 WL 1312700 (E.D. Pa. May 11, 2009). As we explained, even though application of Amendment 706 lowered Peña's total offense level to 40, his sentencing range under the Guidelines' Sentencing Table remained 360 months to life. Id. at *1. Accordingly, we concluded that he had not been sentenced based on a sentencing range that had been lowered by Amendment 706, and he was not entitled to a reduction of sentence at that time. Id. at *2.

Peña has now filed a second motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The instant motion seeks the benefit of Part A of Amendment 750 to the Guidelines, which further reduced the base offense levels applicable to crack cocaine offenses. However, application of Amendment 750, like the application of Amendment 706, does not lower Peña's sentencing range.

The law is clear that we may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). A court may only modify a defendant's sentence pursuant to § 3582(c)(2) if, inter alia, the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The United States Court of Appeals for the Third Circuit has stated that the term "sentencing range" in § 3582(c)(2) "'clearly contemplates the end result of the overall guideline calculus.'" United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009) (quoting United States v. Caraballo, 552 F.3d 6, 10 (1st Cir. 2008)). Thus, an amended Guideline must "'have the effect of lowering the sentencing range actually used at sentencing'" in order to give rise to a reduction under § 3582(c)(2). Id. (quoting Caraballo, 552 F.3d at 10).

As noted above, when we originally sentenced Peña in 2005, the "end result of [his] overall guideline calculus" and the "sentencing range actually used at sentencing" was 360 months to life. Id. (quotation omitted). This sentencing range was the product of Peña's total offense level of 42 and criminal history category of VI. Under the Guidelines as amended by Amendment 750, Peña's base offense level is 34, based on his possession of 1.5 kilograms of cocaine base.[1] U.S.S.G. § 2D1.1(c)(3) (2011). After applying the offense level enhancements for his role as a manager and for possession of a firearm, Peña's total offense level becomes a 38. This new total offense level of 38, in conjunction with Peña's criminal history category of VI, produces a sentencing range of 360 months to life, see U.S.S.G. Ch. 5, Pt. A, the same sentencing range that we used in 2005. Accordingly, application of Amendment 750 does not lower the sentencing range on which Peña's sentence was based, and Peña is not eligible for a reduction in sentence under § 3582(c)(2). See, e.g., United States v. Spells, 322 F. App'x 171, 173 (3d Cir. 2009) (rejecting argument that reduction in base offense level gave district court authority to reduce sentence when sentencing range actually used at sentencing was 360 months to life and application of amended Guidelines also produced sentencing range of 360 months to life).

For the foregoing reasons, we have no authority under 28 U.S.C. § 3582(c) to reduce Peña's sentence. Peña's Motion to Reduce Sentence is therefore denied. An appropriate Order follows.

BY THE COURT:
/s/ John R. Padova, J.
_____
John R. Padova, J.

---

[1] At Peña's sentencing in 2005, we determined that the amount of cocaine base involved in his offense was more than 1.5 kilograms. We made no further determination as to the exact amount of cocaine base involved. Accordingly, for purposes of recalculating Peña's offense level under the amended Guidelines, we simply use 1.5 kilograms.