IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| ANGEL CASTILLO-BIENVENIDO | : | NO. 03-487-01 |

**MEMORANDUM**

**Padova, J.**   May 30, 2012

Defendant Angel Castillo-Bienvenido has filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), seeking to reduce his sentence based on the most recent amendments to the United States Sentencing Guidelines concerning crack cocaine, which are set forth in Amendment 750, part A. For the following reasons, we deny the Motion.

On February 14, 2004, a jury convicted Castillo-Bienvenido of one count of conspiracy to distribute in excess of 50 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 846; one count of possession with intent to distribute in excess of 5 grams of crack, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and one count of possession with intent to distribute in excess of 5 grams of crack, within 1000 feet of a public school, in violation of 21 U.S.C. § 860. We sentenced Castillo-Bienvenido on March 16, 2005.

Under the then-applicable November 1, 2004 United States Sentencing Guidelines, the quantity of crack involved in the offense, i.e., between 1.5 kg and 4.5 kg, resulted in a base offense level of 38. U.S.S.G. § 2D1.1(c)(1). Defendant's offense level was adjusted upward by two levels because the transactions occurred within 1,000 feet of a school, and by an additional two levels for possession of a firearm in the course of the conspiracy. U.S.S.G. §§ 2D1.2(a)(1), 2D1.1(b)(1). As a result, Castillo-Bienvenido's total offense level was 42. With a criminal history category of III,

Castillo-Bienvenido's guideline range was 360 months to life. U.S.S.G. Ch. 5, Pt. A. Upon consideration of the 18 U.S.C. § 3553(a) factors, we varied downward from the guideline range and imposed a sentence of 165 months' imprisonment.

In 2009, Castillo-Bienvenido filed his first motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). That first sentence reduction motion was based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels applicable to crack cocaine offenses. We denied that motion for reduction of sentence in a July 2009 Memorandum. United States v. Castillo-Bienvenido, Crim. A. No. 03-487-1, 2009 WL 2195137 (E.D. Pa. July 22, 2009). As we explained, even though application of Amendment 706 lowered Castillo-Bienvenido's total offense level to 40, his sentencing range remained 360 months to life. Id. at *2. Accordingly, we concluded that he had not been sentenced based on a sentencing range that had been lowered by Amendment 706 and that a sentence reduction would not be consistent with the applicable policy statements of the Sentencing Commission. Id. We therefore held that Castillo-Bienvenido was not entitled to a reduction of sentence at that time. Id.

Castillo-Bienvenido has now filed a second motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The current motion seeks the benefit of Amendment 750 to the Guidelines, which further reduced the base offense levels applicable to crack cocaine offenses. Application of Amendment 750, unlike the application of Amendment 706, lowers Castillo-Bienvenido's applicable sentencing range. Specifically, the Amendment reduces Castillo-Bienvenido's base offense level to 34, which, after adjustments, results in a total offense level of 38. That new total offense level, in combination with Castillo-Bienvenido's criminal history category of III, produces a guideline range of 292-365 months, which is lower than his prior range of 360 months to life.

The general rule is that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). There is, however, a limited exception in 18 U.S.C. § 3582(c)(2), which states that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Guidelines provide for the retroactive application of Amendment 750, part A. See United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995) (explaining that only Amendments listed in U.S.S.G. § 1B1.10(c) may be applied retroactively); U.S.S.G. § 1B1.10(c) (listing Amendment 750, part A). However, U.S.S.G. § 1B1.10 sets forth a policy statement that limits the availability of § 3582(c)(2) relief, stating that, except in cases in which the defendant has provided substantial assistance to authorities (a situation not applicable here), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). In the comments to that guideline, the Sentencing Commission elaborates that "[i]f the term of imprisonment imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation . . . still applies." U.S.S.G. § 1B1.10 cmt. n.3.

Applying U.S.S.G. § 1B1.10(b)(2)(A) and the above-referenced comment in the instant case, Castillo-Bienvenido is not entitled to a reduction of sentence. As noted above, Amendment 750 lowers his Guideline range from 360 months-life to 292-365 months. However, Castillo-

Bienvenido's sentence of just 165 months is still significantly less than the minimum of the amended guideline range. Under these circumstances, § 3582(c)(2) does not authorize us to reduce Castillo-Bienvenido's sentence because the policy statement in U.S.S.G. § 1B1.10(b)(2)(A) prohibits us from reducing his sentence to a term that is less than 292 months.

Castillo-Bienvenido acknowledges § 1B1.10(b)(2)(A) and the comments thereto, but he nevertheless argues that § 1B1.10(b)(2)(A) is not binding on us, asserting that the Sentencing Commission's adoption of that guideline exceeded its statutory powers, violated the separation of powers doctrine, and was invalid because it was not properly noticed for comment. Assuming that § 1B1.10(b)(2)(A) imposes no enforceable restriction, Castillo-Bienvenido argues that we should grant him a proportional reduction from his new guideline range to account for the substantial variance that we granted at his original sentencing. Castillo-Bienvenido asserts that a proportional reduction, which he calculates at 45.8%, would produce a sentence of 134 months. He therefore requests that we reduce his sentence to 134 months' imprisonment.

Castillo-Bienvenido has, however, cited no case law in which a court has sustained objections such as his to the Commission's promulgation of § 1B1.10(b)(2)(A). Moreover, at least one other court in our District has found the arguments that Castillo-Bienvenido now advances to be "unpersuasive," United States v. Lott, Crim. A. No. 04-786, 2012 WL 170698, at *2 (E.D. Pa. Jan. 19, 2012), and we have likewise rejected almost identical arguments in another case. United States v. Goodrich, Crim. A. No. 03-487-11, 2012 WL 1231780, at *3 (E.D. Pa. Apr. 12, 2012).

Moreover, even assuming *arguendo* that we were not bound by the limitation in § 1B1.10(b)(2)(A), we would not exercise our discretion to reduce Castillo-Bienvenido's sentence below 165 months. Significantly, we showed Castillo-Bienvenido considerable leniency when we

imposed his 165-month sentence, which was far below the low end of his applicable guideline range. As we explained at the time, we believed such leniency to be warranted due to Castillo-Bienvenido's youth, overstated criminal history, and culpability in comparison with other similarly-situated co-defendants. We continue to believe that Castillo-Bienvenido's culpable conduct, in conjunction with the other § 3553(a) factors, support the imposition of a 165-month sentence, and we do not believe that a shorter sentence is warranted simply because Amendment 750 lowers his sentencing range to 292-365 months. Indeed, Castillo-Bienvenido's sentence remains well below the low end of his amended guideline range. Under the circumstances, we conclude that the 165-month sentence remains fair and reasonable and consistent with the § 3553(a) sentencing factors. Accordingly, even if we had authority to reduce Castillo-Bienvenido's sentence below 165 months, we would not exercise our discretion to do so.

For the foregoing reasons, we deny Castillo-Bienvenido's Motion to Reduce his Sentence. An appropriate Order follows.

                                        BY THE COURT:

                                        /s/ John R. Padova, J.

                                        John R. Padova, J.